# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Tanner Harrington, | No. CV-24-08189-PCT-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, *et al.*, | |
| Respondents. | |

Before the Court is the Report and Recommendation (Doc. 11, "R&R") entered by United States Magistrate Judge Alison S. Bachus recommending that the Court deny and dismiss with prejudice Craig Tanner Harrington's Petition for Writ of Habeas Corpus under 28 U.S.C.-§ 2241 (Doc. 1, "Petition"). In the R&R, Judge Bachus advised that "the parties shall have 14 days from the date of service of a copy of this [R&R] within which to file specific written objections with the Court." (R&R at 15). Judge Bachus further warned the parties that "failure to timely file objections to the [R&R] may result in the acceptance of [it] by the District Court without further review." (R&R at 15.).

Judge Bachus entered the R&R onto the docket and it was therefore deemed served on April 29, 2025. Over six weeks have since passed and Petitioner Harrington has filed no objections. The Court is therefore empowered to accept the R&R without further review. It nonetheless conducts a review on the merits, and after so doing, concludes that Judge Bachus's through recommendations are all soundly supported in law.

. . .

As Judge Bachus notes in her R&R, Petitioner Harrington never raised what have been denominated Grounds One(a) and Two to the Arizona Court of Appeals in any proceeding. Thus, his grounds of denial of exculpatory evidence at trial (Ground One(a)) and ineffective assistance of counsel (Ground Two) are technically unexhausted but procedurally barred due to the passage of time, and Petitioner Harrington has provided no cause or excuse to overcome that default.

Petitioner's Ground denominated One(b) fails on its merits. As Judge Bachus noted, the Supreme Court of the United States has held that "evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coleman v. Johnson*, 566 US 650, 654 (2012) (cleaned up). The Arizona Court of Appeals' decision affirming Petitioner Harrington's conviction upon review of this issue was not contrary to the Supreme Court's pronouncement in *Coleman*, nor was it based on an unreasonable determination of the facts. The Arizona Court of Appeals considered and noted ample evidence admitted at Harrington's trial from which the jury could have reasonably concluded the element of knowing possession of the firearm charged had been met beyond a reasonable doubt, to include: its consideration of the weapons being plainly visible in the Jeep from the driver's seat where Petitioner sat; that while Petitioner did not own the car, he had driven it multiple times; that he had the key to the chest containing the weapons in his pocket upon apprehension; that other items suggesting that he was shooting the weapons were present in the car, including magazines and ammunition, night vision goggles, ear protection, flashlights and gloves; and that a passenger in the Jeep had stated he and Petitioner were shooting weapons in the desert. If the jury credited the witness's testimony as to having seen and heard all of the above, taken in the light most favorable to the prosecution, any rational trier of fact could have found the element of knowing possession beyond a reasonable doubt.

Finally, petitioner Harrington's Ground Three, in which he argues no probable cause existed for the traffic stop, is not cognizable on federal habeas review. First of all, Petitioner

has never raised this issue in the state court at any point, and it therefore was technically unexhausted but procedurally defaulted. And in any event, the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465, 462 (1976) definitively precludes petitioner from bringing a Fourth Amendment challenge for an unconstitutional search or seizure in a habeas proceeding where, as here, the state provided an opportunity for full and fair litigation of such claim. As Judge Bachus correctly notes, Petitioner could have, but did not, raise this issue at the state trial court through a motion to suppress. He also could have, but did not, raise it in his direct appeal to the Arizona Court of Appeals, or in the state post-conviction relief process. All of those avenues were available to him as provided by the state. *Stone* precludes raising this issue now in *habeas* review.

For all of these reasons, **IT IS ORDERED** adopting the R&R filed by Magistrate Judge Bachus (Doc. 11) in its entirety and denying and dismissing with prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The Clerk of Court shall enter judgment accordingly and terminate this matter.

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis*. Grounds One(a), Two and Three are precluded by a plain procedural bar. Grounds One(b) and Three fail to make a substantial showing of the denial of a constitutional right. None of these conclusions, either procedural or on the merits, would be found debatable by jurists of reason.

Dated this 13th day of June, 2025.

Honorable John J. Tuchi
United States District Judge